IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEANN SCHEUERMANN,

                Plaintiff,

v.

LAW OFFICE OF CHRISTOPHER L. FLETCHER, LLC, and
CHRISTOPHER L. FLETCHER, *individually*,

                Defendants.

OPINION & ORDER

15-cv-307-jdp

---

      This is a case alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. Plaintiff Leann Scheuermann and her husband Jeffrey Scheuermann (who is not a party to this case) received a letter from defendants Law Office of Christopher L. Fletcher, LLC and Christopher L. Fletcher regarding an alleged debt. The debt was for a surgical procedure that Scheuermann's husband had undergone several years before he married Scheuermann. But the collection letter was addressed to both Scheuermann and to her husband, and it did not distinguish between Scheuermann and her husband regarding who was responsible for the debt.

      Scheuermann filed a complaint in this court alleging that defendants' letter violated the FDCPA. Defendants have now moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). The court will deny defendants' motion. Based on the text of the letter and the factual allegations in the complaint, Scheuermann has adequately alleged that an unsophisticated consumer would have been confused by defendants' letter and believed that her property was subject to collection to satisfy a debt incurred by her spouse.

ALLEGATIONS OF FACT

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). Thus, at this point in the case, the court draws the following facts from Scheuermann's complaint.

Scheuermann and her husband reside in Eau Claire, Wisconsin. Fletcher is an attorney and the managing partner of Law Office of Christopher L. Fletcher, LLC, which is a debt collection law firm. Scheuermann and her husband were married in September 2014, and this case concerns a letter that Fletcher sent to their residence on December 29, 2014. The letter discussed a debt of $1,926.67 that Scheuermann's husband had incurred when he underwent surgery in February 2010.

The letter was addressed to "Jeffrey and Leann Scheuermann," and it began with the salutation: "Dear Jeffrey & Leann." Dkt. 8-1.[1] The first sentence of the letter stated that Fletcher had been retained to represent a hospital and an anesthesiologist "and their interests as they relate to an account balance that this creditor claims is owed by you." *Id*. The letter also stated that: "unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." *Id.* Finally, the bottom of the letter contained a notice in bold type face and all caps:

---

[1] Scheuermann did not include the letter as an exhibit to her complaint, but defendants attached the letter to their reply brief. Dkt. 8-1. The court can consider the letter without converting defendants' motion to dismiss into a motion for summary judgment because Scheuermann refers to the letter throughout her complaint and because it is central to her claims. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

"this is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose." *Id*.

Scheuermann filed a complaint on May 21, 2015, alleging that the contents of the letter violated several provisions of the FDCPA. Defendants have now moved to dismiss these claims under Rule 12(b)(6). This court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1331 because Scheuermann's claims arise under federal law.

ANALYSIS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint; it is not an opportunity to undertake fact-finding or weigh evidence. In considering such a motion, the court will "accept all well-pleaded facts in the complaint as true and then ask whether those facts state a plausible claim for relief." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015). But the court is not bound to accept legal conclusions or threadbare allegations that merely recite the elements of a claim, and the complaint must allege facts sufficient to state a plausible claim for relief. *Id.* at 826-27.

In this case, Scheuermann alleges that she was not liable for her husband's debt, and so defendants violated the FDCPA by addressing the letter to both her and her husband. Specifically, Scheuermann alleges four violations of the FDCPA: (1) the natural and probable consequences of defendants' letter were to harass, oppress, or abuse her, in violation of § 1692d; (2) defendants falsely represented the legal status of the debt, in violation of § 1692e(2)(A); (3) defendants used deceptive means in an attempt to collect the debt or gain information, in violation of § 1692e(10); and (4) defendants used unfair and unconscionable means in an attempt to collect the debt, in violation of § 1692f and § 1692f(1). Defendants

3

move to dismiss, contending that these allegations fail to state a claim upon which relief can be granted because Wisconsin law entitles the creditors to collect the debt from property in which Scheuermann has an interest.

Defendants rely on several Wisconsin statutes that govern the effect that one spouse's obligations have on the couple's property.[2] Because Wisconsin is a marital property state, the general rule is that "[a]ll property of spouses is marital property except that which is classified otherwise [and e]ach spouse has a present undivided one-half interest in each item of marital property." Wis. Stat. § 766.31. As relevant in this case, Wisconsin law also provides that:

> [a]n obligation incurred by a spouse before or during marriage that is attributable to an obligation arising before marriage or to an act or omission occurring before marriage may be satisfied only from property of that spouse that is not marital property and from that part of marital property which would have been the property of that spouse but for the marriage.

*Id.* § 766.55(2)(c)(1).

Scheuermann's husband underwent a surgical procedure in February 2010, and he incurred the debt at issue in this case before he and Scheuermann were married. Dkt. 1, ¶¶ 7-12. Section 766.55(2)(c)(1) therefore limits the available property that a creditor can reach to satisfy that debt. But defendants' theory of the case is that it was appropriate for Fletcher to address his letter to Scheuermann because collecting from her husband's non-marital property or from the part of the couple's marital property that would have been Scheuermann's husband's property but for the marriage would have necessarily reduced Scheuermann's property. In other words, if creditors redirected Scheuermann's husband's

---

[2] Defendants contend—and Scheuermann does not dispute—that under Wis. Stat. § 766.01(5), Wisconsin law applies to the FDCPA claims in this case because the allegedly wrongful collection practice occurred while Scheuermann and her husband were living in Wisconsin. Dkt. 4, at 4 n.1.

wages to satisfy the debt, then those wages would not have become part of the couple's marital property. Thus, the total amount of marital property in which Scheuermann had an undivided one-half interest would have been reduced. To use defendants' analogy: decreasing the size of the pie decreases Scheuermann's share of it.

Defendants' approach is novel—indeed, they do not cite to cases supporting their analysis of how the FDCPA intersects with § 766.55(2)(c)(1)—but it is ultimately a side issue that the court does not need to resolve at this point in the case. To determine whether a collection letter violates the FDCPA, the court examines the letter "from the standpoint of the so-called unsophisticated consumer or debtor. . . . The unsophisticated debtor is regarded as uninformed, naive, or trusting, but nonetheless is considered to have a rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Sims v. GC Servs. L.P.*, 445 F.3d 959, 963 (7th Cir. 2006) (internal citations and quotation marks omitted). This is an objective standard, and "a plaintiff's anecdotal proclamations of being confused will not suffice: a collection letter cannot be confusing as a matter of law or fact unless a significant fraction of the population would be similarly misled." *Id.* (internal citations and quotation marks omitted). Here, Scheuermann has alleged facts from which a jury could infer that an unsophisticated consumer would have understood the December 29 collection letter to be an attempt to collect a debt from her.

"Unsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade." *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999). Even if defendants are correct that Wisconsin law would treat a reduction in one spouse's non-marital property as a reduction in the other spouse's share of

5

the marital property, the December 29 letter did not discuss the intricacies of marital property law or try to explain this point to Scheuermann. To the contrary, the letter was addressed to Scheuermann and her husband, and it concerned a debt that creditors claimed was "owed by you," rather than by only Scheuermann's husband. Dkt. 8-1. The letter did not indicate that creditors could pursue only Scheuermann's husband's non-marital property, nor did the letter indicate that it was addressed to Scheuermann only to advise her of a possible reduction in her share of the total marital property. Thus, based on the letter's contents and the fact that "it is possible to imagine evidence consistent with the allegations of the complaint that would establish confusion, the complaint survives a motion to dismiss under Rule 12(b)(6)." *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999).

Defendants raise two additional points. First, they contend that the FDCPA permits debt collectors to communicate with a consumer's spouse, *see* 15 U.S.C. § 1692c(d), and so the December 29 letter is not unlawful just because it was addressed to Scheuermann. Second, defendants contend that the letter contained a validation clause, and "served only as the initial notice of debt required by 15 U.S.C. § 1692g(a)." Dkt. 8, at 3-4. Neither point is persuasive because the Seventh Circuit has "held that a violation of the FDCPA occurs when a dunning letter is confusing to the unsophisticated reader, even if the letter technically complies with the FDCPA by including the required validation notice." *Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). And that is what Scheuermann has alleged in this case: defendants violated the FDCPA by sending Scheuermann a confusing letter that misrepresented her obligation to pay a debt. These allegations pass muster under Rule 12(b)(6), and the court will therefore deny defendants' motion to dismiss.

ORDER

IT IS ORDERED that defendants Christopher L. Fletcher and Law Office of Christopher L. Fletcher, LLC's motion to dismiss, Dkt. 3, is DENIED.

Entered January 21, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge